UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA,

                                        Plaintiff,

                                                        DECISION AND ORDER

                                                        01-CR-6012L
                                                        04-CV-6214L

                        v.

RONNIE WALKER,

                                        Defendant.
_____

Ronnie Walker ("Walker') has filed a petition to vacate his judgment and conviction, *pro se,*

pursuant to 28 U.S.C. § 2255.  Walker also filed several amendment to the original petition.  The

Government responded by filing a memorandum of law urging dismissal of the petition.  After

reviewing all the materials submitted by both sides, I agree with the Government that the petition

must be dismissed.

        The procedural history is quite straightforward and demonstrates that Walker received a very

favorable benefit by entering into the Rule 11(e)(1)(C)[1] plea agreement confining his exposure to 151

to 181 months imprisonment.  Walker pleaded guilty to Count I of the indictment charging

conspiracy to distribute cocaine base.  The plea was entered pursuant to a written plea agreement and

---

[1]That section was renumbered and is now Rule 11(c)(1)(C).

provided for an agreed upon sentence of between 151 and 188 months pursuant to Rule 11(e)(1)(C). Although such a term of imprisonment is not insignificant had Walker not had the benefit of the plea agreement and had the Government not withdrawn the information it had previously filed under 21 U.S.C. § 851, because of Walker's two prior felony drug convictions, if convicted, he faced a mandatory sentence of life imprisonment without parole pursuant to 21 U.S.C. § 841(d)(1)(A).

Walker now seems to want an even better deal by somehow reducing the sentence further. It is not entirely clear what Walker now seeks. In the typed attachment to his original petition under the heading "Closing Arguments," as the Government points out, Walker states that he is "not contesting my plea of guilty or my guilt, only the fairness of the Judicial Branch of Government."

As originally charged, if convicted, Walker faced a mandatory life sentence. Walker pleaded guilty pursuant to a written plea agreement which limited his sentencing exposure dramatically. There was an extensive Rule 11 plea colloquy during which Walker stated that he fully understood the plea agreement and that he was satisfied with his lawyer's advice in the matter. Although the range of sentence was greater, the Court imposed a term of 156 months, at the lower end of the agreed upon range. Walker did not directly appeal the agreed upon sentence.

First of all, as the Government points out, the plea agreement specifically precluded Walker from appealing or challenging the conviction on collateral attack. In the plea agreement, the parties agreed to virtually all matters, including the applicable sentencing range and the Court accepted their agreement and sentenced within that range. It appears then that Walker received the benefit of his bargain. As part of that bargain, Walker agreed to waive any appeal or collaterally attack the sentence and such agreements have been enforced time and again by the Second Circuit. *See United*

*States v. Djelevic,* 161 F.3d 104, 106-07 (2d Cir. 1998); *United States v. Salcido-Contreras,* 990 F.2d 51, 53 (2d Cir.), *cert. denied,* 509 U.S. 931 (1993). As the Government points out, it is equally well-settled that a petitioner, such as Walker, cannot defeat an appeal waiver merely by stating in conclusory fashion a claim of ineffective assistance of counsel. *See Djelevic,* 161 F.3d at 107.

I have reviewed the transcript of the plea colloquy on February 10, 2003, as well as the plea agreement, and I find that Walker knowing and voluntarily entered into the plea agreement and was fully advised of all the essential matters relating to entry of such a plea. Even a cursory review of those proceedings demonstrate that Walker understood the nature of the plea, the potential consequences of the plea, and the potential sentence that he faced should he proceed to trial and be convicted.

I also agree with the Government that Walker is barred from raising his claims here in the first instance in a § 2255 proceeding. The law requires that such issues be raised, if at all, on direct appeal and a habeas corpus proceeding cannot be used to circumvent the requirement of direct appeal. The fact that a plea agreement precluded such direct appeal does not constitute "cause" to justify raising such claims in the first instance in a collateral proceeding.

I also find that Walker's claims of ineffective assistance of counsel to be without merit. From the record, it appears clear that experienced defense counsel was able to negotiate a very favorable plea agreement for someone who had three prior felony convictions involving narcotics offenses and who was facing, by virtue of such a record, a mandatory sentence of life imprisonment. Several of the matters raised by Walker involve matters that occurred during pretrial proceedings that predated entry of the guilty plea. Some of them are of no consequence whatsoever. For example,

counsel's failure to advise Walker that the case had been referred to a magistrate judge for pretrial motions and that he failed to advise Walker of certain court appearances. These claims, though, may not be raised in any proceeding once a valid guilty plea has been entered. Such a plea precludes assertion of independent claims relating to events that occurred prior to entry of the guilty plea.

Walker complains to some degree about the filing of the § 851 information, but it is hard to understand his logic since his lawyer was able to convince the Government to withdraw such a pleading which dramatically reduced his potential sentence.

Walker challenges the Criminal History determination and other matters, but these matters were all waived by virtue of the waiver of appeal provision and, in any event, they were matters that Walker agreed to by virtue of the Rule 11(e)(1)(C) plea agreement. The matters about which he now complains concerning the Sentencing Guidelines were all agreed to as part of the plea agreement.

I have considered all of the other matters mentioned by Walker in his several submissions and none of them warrant relief. To obtain relief under § 2255, Walker must show that his conviction and sentence were imposed in violation of the Constitution and laws of the United States. Furthermore, allegations concerning violations of federal law entitle Walker to relief only if they involve a "fundamental defect that results in a complete miscarriage of justice." *Davis v. United States,* 417 U.S. 333, 346 (1974). Walker has failed to make any such showing and, therefore, the petition must be dismissed.

CONCLUSION

I deny the request for an evidentiary hearing on the petition. The petition of Ronnie Walker pursuant to 28 U.S.C. § 2255 must be and hereby is dismissed.

I decline to issue a certificate of appealability because Walker has failed to make a substantial showing of the denial of a constitutional right.  28 U.S.C. § 2253(c).

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
        January 10, 2006.